UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEXTGEN INNOVATIONS, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>54M 805 NUECES HOLDINGS LLC,<br>54M 805 NUECES INTERMEDIATE HOLDINGS LLC,<br>54M 805 NUECES GP LLC and<br>54M 805 NUECES LP<br><br>                          Defendants. | Case No. 6:19-cv-00456<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NextGen Innovations, LLC ("NextGen"), by and through its counsel, files this Complaint against 54M 805 Nueces Holdings LLC, 54M 805 Nueces Intermediate Holdings LLC, 54M 805 Nueces GP LLC and 54M 805 Nueces LP (collectively, "Defendants") for patent infringement of United States Patent No. 7,925,162 ("the '162 Patent") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**PARTIES**

2. Plaintiff NextGen Innovations, LLC is a Delaware limited liability company with its principal place of business at 8 The Green, Suite 5359, Dover, DE 19901.

3. On information and belief, Defendant 54M 805 Nueces Holdings LLC is a Delaware limited liability company with its principal place of business at 520 Madison Avenue,

1

New York, NY 10022. On information and belief, 54M 805 Nueces Holdings LLC is the owner of 54M 805 Nueces Intermediate Holdings LLC.

4. On information and belief, Defendant 54M 805 Nueces Intermediate Holdings LLC is a Delaware limited liability company with its principal place of business at 520 Madison Avenue, New York, NY 10022. On information and belief, 54M 805 Nueces Intermediate Holdings LLC is the owner of 54M 805 Nueces LP.

5. On information and belief, Defendant 54M 805 Nueces GP LLC is a Delaware limited liability company with its principal place of business at 520 Madison Avenue, New York, NY 10022. On information and belief, 54M 805 Nueces GP LLC is a general partner of 54M 805 Nueces LP.

6. On information and belief, Defendant 54M 805 Nueces LP is a Delaware limited partnership, registered as a foreign limited partnership in Texas, with its principal place of business at 520 Madison Avenue, New York, NY 10022.

7. On information and belief, Defendants own the Wyndham Austin in Austin, Texas ("Wyndham Austin") and Defendants (or those acting on Defendants' behalf) manage, market, and operate the Wyndham Austin.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patents laws of the United States, 35 U.S.C. §§ 1 *et seq*.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

10. The activities at issue in this lawsuit relate to the Wyndham Austin's use of computer networks and equipment in this judicial district.

11. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants, on information and belief: (1) have committed acts of patent infringement in this judicial district, (2) have substantial, regularly conducted and systematic business contacts in this judicial district; (3) own, manage, market and operate a luxury resort in this judicial district; and (4) enjoy substantial income from a luxury resort in this judicial district. https://www.extraholidays.com/austin-texas/wyndham-austin; https://www.myclubwyndham.com/mycw/resorts/details/wm-austin.page; https://www.clubwyndham.com/cw/resorts/wyndham-austin.page; https://54madison.com/deals/rise/   As such, Defendants have purposefully availed themselves of the privileges of conducting business within this judicial district; have established sufficient minimum contacts with this judicial district such that they should reasonably and fairly anticipate being hauled into court in this judicial district; have purposefully directed activities at residents of this judicial district; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## BACKGROUND

12. Walt and Alex Soto are brothers, and the inventors of the claimed subject matter described in the '162 Patent. Walt Soto has a Bachelor's degree in Electrical Engineering and has worked in the telecommunications industry since 1991. Alex Soto has a Master's degree in Electrical Engineering and has worked in the telecommunications industry since 2000. The Soto brothers are the principals of their company, NextGen Innovations, LLC. To date, the United States Patent and Trademark Office ("USPTO") has granted nineteen patents to the Soto brothers, including the '162 Patent.

13. The '162 Patent relates to passive optical networking technology. A passive optical network ("PON") is an optical network architecture that transfers information over optical fiber(s) without using electrically powered networking equipment between the network's endpoints. A PON enables the network end points to communicate with each other using passive optical splitters/combiners to separate and collect optical signals as the signals move through the network. Thus, powered equipment is required only at the source and receiving end points of a PON. This contrasts with active optical networks, which require electrically powered networking equipment at all points or nodes of the active optical network.

14. Amongst other things, the '162 Patent relates to Passive Optical Local Area Networks (LANs) ("POLAN") and related equipment. LANs are computer networks that are located, for example, within a domain (e.g., a hotel). A LAN can deliver services (e.g., phone, television and Internet services) to, for example, a room within the domain.

### United States Patent No. 7,925,162

15. On April 12, 2011, the USPTO duly and legally issued United States Patent No. 7,925,162 entitled "Communication system and method for an optical local area network" to inventors Alexander I. Soto and Walter G. Soto. A true and correct copy of the '162 Patent is attached as Exhibit A.

16. The '162 Patent relates to, amongst other things, a POLAN.

17. The '162 Patent is presumed valid under 35 U.S.C. §282.

18. On November 29, 2018, the Soto brothers each granted NextGen an exclusive license to the '162 Patent. Under the exclusive license, NextGen was granted all substantial rights in the '162 Patent until its expiration date including, without limitation, the exclusive right to

sublicense, sue or chose not to sue for infringement and collect all past, present and future damages.

## CLAIM FOR RELIEF

### Infringement of United States Patent Number 7,925,162

19. The allegations set forth above are re-alleged and incorporated by reference as if they were set forth fully here.

20. Defendants (or those acting on Defendants' behalf) manage, market, and operate the Wyndham Austin, a 22-story dual-branded property featuring 147 Club Wyndham suites and 42 WorldMark suites (1- to 3-bedroom condo-style suites) located at 516 W 8th St, Austin, Texas 78701 (with a property address at 805 Nueces Street, Austin, Texas 78701). https://www.prnewswire.com/news-releases/wyndham-vacation-ownership-celebrates-grand-opening-of-new-austin-texas-vacation-destination-300601223.html;   https://54madison.com/deals/rise/

21. On information and belief, Defendants, or those acting at Defendants' directions, installed a POLAN at the Wyndham Austin.

22. On information and belief, VT Group installed the POLAN within the "Wyndham Vacation Austin."  See Exhibit B, 2018 Calix Connexions Presentation, p 15 (2018).  On information and belief, Wyndham Vacation Austin is Wyndham Austin.

23. On information and belief, Defendants installed the POLAN at the Wyndham Austin to reduce capital and operational expenditures.

24. On information and belief, Wyndham is a member of the Hospitality Technology Next Generation ("HTNG").  https://www.htng.org/page/ListofMembers  HTNG is a global trade association "that fosters, through collaboration and partnership among hospitality professionals and technology providers, the development of next-generation solutions that will enable them to

do business globally in the 21st century." https://www.htng.org/page/MissionPurpose.  Among the solutions proposed is the implementation of fiber optic networks through the publication of various standards and resources.  According to HTNG, POLAN is a technology that "can reduce direct deployment costs, cabling costs, and ongoing costs of ownership significantly vs traditional copper based networks."  *See e.g.*, Exhibit C, Hotel Technology Next Generation, Fiber to the Room Design Guide, Version 2.0 (May 1, 2017).

25. On information and belief, the Wyndham Austin operates and uses, and actively encourages others to operate and use, including guests, a POLAN at the Wyndham Austin.

26. On information and belief, Defendants' POLAN infringes at least claim 1 of the '162 Patent.  More particularly, Defendants sell, offer to sell, and/or provide to guests, among other things, television (on-demand programs), Internet, Wi-fi access and/or phone services ("Services") utilizing the Wyndham Austin's POLAN.

> **About**
>
> Discover the state capital of Texas and see why Austin is the home to the best music, art and technology festivals every year. Stay at this brand new all-suite resort in Austin featuring a rooftop pool and sundeck for an authentic eclectic Austin vacation. Enjoy a studio, one- or two-bedroom suite with one-of-a-kind amenities like separate living/dining space, washer/dryer in most, and a full kitchen perfect for stocking your favorite snacks. Studio and one-bedroom suites feature a king bed and sleeper sofa, while two-bedroom suites include an additional queen bed in the guest room.
>
> Cool off in the outdoor zero-edge infinity pool and kick back on the rooftop sun deck. Keep up with your workouts at the fitness center, equipped with cardio machines. You will enjoy ==high-speed Wi-Fi access==, an activities center and a beautiful rooftop barbecue area and fire pit. Stay in your own personal resort suite right in the heart of

https://www.austintexas.org/listings/wyndham-austin/9742/

27. On information and belief, Defendants commit acts of direct and/or indirect patent infringement through Defendants' operation and use of the Wyndham Austin's POLAN, and Defendants' sale, offer for sale, and providing of Services to guests utilizing the POLAN.

28.     On information and belief, the Wyndham Austin's POLAN is an optical local area network (LAN) with one or more LAN clients (e.g., optical network terminals, optical network units and/or switches positioned at or near common areas and/or guest rooms).

29.     On information and belief, the Wyndham Austin's POLAN has a LAN manager located in a control center, telecommunications room and/or closet(s) at the Wyndham Austin.  On information and belief, the LAN manager is connected to LAN clients and manages optical signals each incorporating a LAN control channel and LAN data channel (for carrying data/signals related to the Services), which are carried in a single optical wavelength (e.g., a nanometer (nm) wavelength) on an optical fiber (e.g., single mode optical fiber).

30.     On information and belief, the LAN manager has (a) an optical interface (e.g, hardware and/or software for receiving/transmitting optical signals), (b) a plurality of optical ports (e.g., physical socket and/or hardware for attaching optical fiber(s)), (c) a passive optical coupler (e.g., passive optical splitter) between the plurality of optical ports and the optical interface and (d) a controller (hardware and/or software) connected to the optical interface by, for example, conductive traces and/or leads for receiving electrical signals from and transmitting electrical signals to the optical interface.

31.     On information and belief, (a) the optical interface is part of, for example, an optical line terminal/router/switch/hub located in a control center, telecommunications room or closet at the Wyndham Austin, (b) the optical ports are, for example, the ports located on the optical fiber(s) exiting the passive optical coupler and (c) the controller is within, for example, an optical line terminal/router/switch/hub located in a control center, telecommunications room or closet at the Wyndham Austin.

32.     On information and belief, the passive optical coupler has hardware for passing optical signals between the optical interface and optical ports.  On information and belief, the optical interface (e.g., optical transceiver) has hardware and/or software for optical-to-electrical and electrical-to-optical signal conversion.

33.     On information and belief, the Wyndham Austin's POLAN includes a plurality of LAN client adapters (e.g., optical network terminals, optical network units and/or switches positioned at or near common areas and/or guest rooms).

34.     On information and belief, the LAN client adapter has (a) an optical interface (e.g, hardware and/or software for receiving/transmitting optical signals), (b) an optical port (e.g., physical socket and/or hardware for attaching optical fiber(s)) that is connected to the optical interface and (c) a controller (hardware and/or software) for receiving electrical signals from and transmitting electrical signals to the optical interface.  On information and belief, the optical interface has hardware and/or software for optical-to-electrical and electrical-to-optical signal conversion.

35.     On information and belief, the Wyndham Austin's POLAN has a plurality of optical waveguides (e.g, optical fiber(s)) connecting the LAN manager and LAN client adapters where, in particular, optical fiber(s) connect(s) the optical port of a LAN client adapter to an optical port of the LAN manager.

36.     On information and belief, the LAN manager can receive an optical signal from any LAN client adapter where the optical signal includes a LAN control channel and a LAN data channel (for carrying data/signals related to the Services) that are carried in a single optical wavelength (e.g., a nanometer (nm) wavelength).

37. On information and belief, the LAN client adapter can receive an optical signal from the LAN manager where the optical signal includes a LAN control channel and LAN data channel (for carrying data/signals related to the Services) that are carried in a single optical wavelength (e.g., a nanometer (nm) wavelength).

38. On information and belief, the LAN manager and LAN client adapters are in communication with each other so that LAN data can be sent and received across the optical waveguides (e.g. optical fiber(s)).

39. On information and belief, Defendants have been on notice of the '162 Patent at least as early as the filing and service of the Complaint in this action.

40. On information and belief, at least since its post-fling knowledge of the '162 Patent, Defendants knowingly encourage, and continue to encourage, current and potential guests to directly infringe one or more claims of the '162 Patent, including by such actions as guest check-in instructions, policies and services, and website advertising that encourage guests to use the Wyndham Austin's POLAN/telecommunications network.

> **About**
>
> Discover the state capital of Texas and see why Austin is the home to the best music, art and technology festivals every year. Stay at this brand new all-suite resort in Austin featuring a rooftop pool and sundeck for an authentic eclectic Austin vacation. Enjoy a studio, one- or two-bedroom suite with one-of-a-kind amenities like separate living/dining space, washer/dryer in most, and a full kitchen perfect for stocking your favorite snacks. Studio and one-bedroom suites feature a king bed and sleeper sofa, while two-bedroom suites include an additional queen bed in the guest room.
>
> Cool off in the outdoor zero-edge infinity pool and kick back on the rooftop sun deck. Keep up with your workouts at the fitness center, equipped with cardio machines. You will enjoy ==high-speed Wi-Fi access==, an activities center and a beautiful rooftop barbecue area and fire pit. Stay in your own personal resort suite right in the heart of

https://www.austintexas.org/listings/wyndham-austin/9742/

41. On information and belief, at least since its post-filing knowledge of the '162 Patent, Defendants know that the acts they induced guests to take constitute patent infringement and Defendants' encouraging acts result in direct infringement by guests.

42. On information and belief, Defendants instruct and continue to instruct guests to use the Services.

43. In addition to Defendants, Wyndham Austin guests directly infringe at least claim 1 of the '162 Patent through their use of the Wyndham Austin's POLAN for Services.

44. On information and belief, Defendants are in violation of 35 U.S.C. § 271(b), and have been, at least since its post-filing knowledge of the '162 Patent, indirectly infringing, and continue to infringe indirectly, at least claim 1 of the '162 Patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Defendants' current and potential guests) and possessing specific intent to encourage infringement by Defendants' guests by at least acts of guest check-in instructions and policies, advertising, promotional materials and instructions to use the POLAN.

45. NextGen has been damaged by the direct and/or indirect infringement of Defendants, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement unless such infringement is enjoined by this Court.

## JURY DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NextGen hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NextGen respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

a. finding that Defendants have infringed one or more claims of the '162 Patent;

b. permanently enjoining Defendants and their respective officers, directors, agents, employees, attorneys, licensees, successors, assigns and those acting in concert or participation with them from infringing the '162 Patent;

c. awarding NextGen damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

d. awarding NextGen pre-judgment and post-judgment interest on the damages award and costs;

e. awarding cost of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

f. awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: August 7, 2019                                              Respectfully submitted,

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)
Chandran Iyer (*pro hac vice* to be filed)
Oded Burger (*pro hac vice* to be filed)
Jason Charkow (*pro hac vice* to be filed)
GOLDBERG SEGALLA
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
oburger@goldbergsegalla.com
jcharkow@goldbergsegalla.com
711 Third Avenue, Suite 1900
New York, New York 10017

Telephone: (646) 292-8700

Richard Juang (*pro hac vice* to be filed)
rjuang@goldbergsegalla.com
GOLDBERG SEGALLA
8000 Maryland Avenue, Suite 640
St. Louis, Missouri 63105
Telephone: (314) 446-3367

Attorneys for Plaintiff